UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZAHER MERHI,<br><br>        Plaintiff,<br><br> -v-<br><br>BULLION EXCHANGES, LLC, *et al.*,<br><br>        Defendants.<br><br>BULLION EXCHANGES, LLC, *et al.*,<br><br>        Cross-Claimants,<br><br> -v-<br><br>FEDEX CORPORATION,<br><br>        Cross-Claim Defendant. | 23-CV-4577 (JPO)<br><br>OPINION AND ORDER |

J. PAUL OETKEN, District Judge:

  Plaintiff Zaher Merhi brings this action against Defendants Bullion Exchanges, LLC and Bullion Exchange, LLC (collectively "Bullion"), FedEx Corporation ("FedEx"), and John Doe (an unnamed delivery driver employed by FedEx). Bullion Exchange, in turn, asserts cross-claims against FedEx. The Court previously dismissed some of Merhi's and Bullion's claims against FedEx, and limited FedEx's liability on the other claims to USD $1,000. *Merhi v. Bullion Exchs., LLC*, No. 23-CV-4577, 2024 WL 4265753, at *7 (S.D.N.Y. Sept. 23, 2024) (*Merhi I*). Before the Court now is Bullion's motion for summary judgment on Merhi's remaining claims. (ECF No. 46.) For the reasons that follow, the motion is granted.

1

I.  **Background**

    A.  **Factual Background**

The following facts are drawn from the parties' Local Rule 56.1 statements and responses. (ECF Nos. 48 ("Merhi SOMF"), 50 ("Bull. SOMF").)[1]

Merhi purchased gold worth approximately $86,000 from Bullion at some point prior to October 4, 2022. (*See* Bull. SOMF ¶¶ 1, 7.) Although Bullion's terms and conditions state that it "normally ships with the United States Postal Service," they also state that Bullion "may at its discretion choose to use a different shipping provider." (*Id.* ¶ 3.) Bullion chose to ship Merhi's package with FedEx. (*Id.* ¶ 5.) Bullion elected FedEx's "Adult Signature" delivery option, which "Bullion understand [sic] to mean that a shipment would not be released without obtaining an adult signature and checking and scanning the I.D. of the adult signing for the package." (*Id.* ¶ 6.) Bullion delivered the package to FedEx on October 4, 2022, and FedEx shipping records show that the package was delivered to Merhi's address the next day. (*Id.* ¶¶ 7-8.) FedEx records also show that the courier obtained a signature (*id.* ¶ 8), and that the courier stopped at Merhi's address, though he scanned the package for delivery "around the corner" (*id.* ¶ 9). FedEx's courier testified that he delivered the package to Merhi's home as addressed. (*Id.* ¶ 10.) However, the courier did not verify the recipient's age with any identification upon delivery (*id.* ¶ 14), and Merhi alleges that the package was not in fact delivered to his home (*id.* ¶ 17).

---

[1] As explained in *Merhi I*, 2024 WL 4265753, at *1 n.1, Merhi's statement of facts responding to FedEx's motion for summary judgment lacks reference to any evidence or record citations as required by Rule 56.1. (*See* Merhi SOMF.) Merhi's counsel submitted no response at all to Bullion's statement of facts. The Court therefore accepts the uncontested facts in Bullion's statement as true. *See Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998) (per curiam).

Additional details drawn from FedEx's statement of facts are recounted in *Merhi I*, 2024 WL 4265753, at *1-2. Because they are not relevant to the Court's decision on Bullion's motion for summary judgment, they are not reproduced here.

### B. Procedural Background

Merhi commenced this action against Bullion and FedEx in New York Supreme Court, Bronx County, on April 24, 2023. (ECF No. 1-1 ("Compl.").) FedEx filed a notice of removal to this Court on May 31, 2023. (ECF No. 1.) Bullion filed an answer asserting cross-claims against FedEx on July 14, 2023. (ECF No. 7.) Discovery was completed by February 15, 2024 (*see* ECF No. 33), and Bullion moved for summary judgment on Merhi's claims on June 18, 2024. (ECF No. 46.) Merhi opposed Bullion's motion on August 15, 2024 (ECF No 56 ("Opp.")), and Bullion replied on August 22, 2024 (ECF No. 58). Bullion filed a Rule 56.1 statement of material facts (Bull. SOMF), to which Merhi did not respond.[2]

## II. Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if, considering the record as a whole, a rational jury could find in favor of the non-moving party. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009). In deciding a motion for summary judgment, a court must consider the

---

[2] Merhi did file a statement of material facts that appears to reference only his claims against FedEx, and an "affidavit" signed by Mr. Merhi that likewise only discusses his claims against FedEx. (*See* Merhi SOMF; ECF No. 49.) Merhi's counsel explained in a letter appended to his 56.1 statement that "Plaintiff intends to file only the necessary documents as required under the Federal Rules of Procedure at this time." (ECF 48-1.)

evidence "in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995).

## III. Discussion

The Court construes Merhi's complaint as asserting five distinct causes of action against Bullion, though none of them are clearly labeled and most overlap to a degree with one another. (*See* Compl. ¶¶ 31-71.)  First, Merhi alleges that "Bullion [has] breached [its] duty of reasonable care"—an ordinary negligence claim.  (*Id.* ¶ 69 (capitalization altered).)  Second, Bullion allegedly "owed Plaintiff a duty of professional care," including an obligation to "obtain adequate insurance."  (*Id.* ¶¶ 34-36.)  Third, Merhi claims that Bullion's conduct constitutes "gross negligence" or "reckless disregard."  (*Id.* ¶¶ 53-54.)[3]  Fourth, Merhi alleges that Bullion "negligently entrusted" FedEx with his parcel.  (*Id.* ¶ 43.)  Fifth, Merhi asserts unspecified statutory claims, alleging that Defendants' conduct "violat[ed] those statutes, ordinances, rules and regulations . . . of which this Court will take Judicial Notice at the time of the trial."  (*Id.* ¶ 60.)[4]

In contrast to *Merhi I*, the complaint cannot reasonably be read to state a breach of contract claim against Bullion.  The only part of the complaint that mentions any kind of contract or agreement is its claim that FedEx acted in a manner "contrary to the agreement *between defendants*.  (*Id.* ¶ 42 (emphasis added).)  As explained in *Merhi I*, this refers to the shipping contract between Bullion and FedEx, not to any contract between Merhi and Bullion.  *See* 2024

---

[3] This cause of action refers to "Defendants" collectively and does not appear to incorporate any specific allegations about Bullion as opposed to FedEx.  (*See* Compl. ¶¶ 52-55.)

[4] In compiling this list, the Court reads the complaint generously, crediting those causes of action that Plaintiff adequately pleaded, regardless of whether they were so labeled or included in a distinctly numbered section.  Though the complaint does have six formally numbered causes of action, the Court is unable to discern any additional claims beyond the five listed above.

4

WL 4265753, at *5.  Thus, while the complaint might reasonably be read as asserting a contract claim against FedEx based on Merhi's status as a third-party beneficiary, *see id.*, Merhi does not allege that Bullion ever breached its contract with FedEx.

    A.    **Negligence Claims**

The first four of Merhi's claims sound in negligence.  While Bullion may have assumed contractual responsibility for Merhi's loss in its terms and conditions, Merhi does not raise a genuine dispute as to whether Bullion acted negligently.

"The elements of a negligence claim under New York law are: (i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach."  *Pasternack v. Lab'y Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir. 2015) (internal quotation marks and citation omitted).  Causation requires that the negligence be both a cause-in-fact (but-for cause) of the alleged injury, and the proximate (legal) cause.  *Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 178 (2d Cir. 2013).  This applies not only to "[g]arden-variety negligence," but to "professional negligence" claims as well.  *Dreien Opportunity Partners, LLC v. Avison Young - N.Y., LLC*, No. 18-CV-10087, 2019 WL 4805650, at *3 (S.D.N.Y. Sept. 30, 2019).  The elements of a "gross negligence" claim are the same as ordinary negligence, but with "a further showing of reckless disregard for the rights of others, bordering on intentional wrongdoing."  *Burns v. Del. Charter Guar. & Tr. Co.*, 805 F. Supp. 2d 12, 26 (S.D.N.Y. 2011) (quotation marks omitted).

Merhi's negligent entrustment claim can be easily rejected, as Bullion breached no duty by shipping Merhi's parcel with FedEx.  Not only did Bullion's terms and conditions expressly permit Bullion to use alternatives to the Postal Service, but FedEx is one of the largest package

shipping services in the world[5] and easily qualifies as a "reliable means of delivery." *See, e.g.*, *Phx. Ent. Partners, LLC v. Sing Sing Bell Inc*, No. 15-CV-3517, 2016 WL 215235, at *1 (S.D.N.Y. Jan. 19, 2016) (Gorenstein, M.J.) (approving of FedEx as a means of delivering service waivers).  There is no genuine dispute that entrusting a package to FedEx is not negligent in itself.

The rest of Merhi's negligence claims focus on Bullion's failure to adequately insure the package, including Bullion's choice to declare that the package was worth approximately $1,000. (Opp. at 4.)  Such claims fail because they lack a causal connection to Merhi's loss.  While best practices in the profession may have been for Bullion to obtain insurance for Merhi's package, the beneficiary of that insurance would have been Bullion, not Merhi.[6]  Even assuming that Bullion irresponsibly underinsured Merhi's package, Merhi provides no argument or evidence that this *caused* Bullion's failure to pay Merhi.  Merhi does not allege that Bullion has failed to pay due to lack of funds or because it did not receive an insurance payout.  To the contrary, Bullion has simply claimed that, under its terms of service, the loss is Merhi's responsibility. (ECF No. 46-11 at 7-8.)  Bullion's inadequate insurance is thus neither the direct nor the proximate cause of Bullion's failure to pay.

Merhi's other putative bases for a negligence claim fail as well.  Merhi repeatedly stresses Bullion's choice to declare only $1,000 in value.  (*See* Opp. at 6, 8.)  While the court

---

[5] *See, e.g.*, Business Wire, *Report Showcases 'FedEx Effect' on Global Economy as Company Increases Flexibility and Efficiency of Operations*, Yahoo Finance (Oct. 24, 2024), https://finance.yahoo.com/news/report-showcases-fedex-effect-global-140000857.html ("[FedEx] has the most extensive transportation network in the world, providing service to more than 220 countries and territories, . . . mov[ing] an average of 16 million packages per day.").

[6] Merhi never claims in the complaint, his opposition to summary judgment, or his statement of facts that he would have been a beneficiary of Bullion's insurance policies.  At the very least with respect to Bullion's "jeweler's block umbrella insurance policy," Merhi's opposition concedes that Bullion is the beneficiary.  (*See* Opp. at 8.)

supposes that failure to accurately declare a parcel's value might hypothetically cause a shipper to take fewer precautions, Merhi has presented no evidence showing that the $1,000 declared value actually led FedEx to exercise less care in delivering his parcel, or led Bullion to deny responsibility for his loss.  Nor can Merhi base causation on the effect that the $1,000 declared value had on his third-party contract claims in *Merhi I*, as New York's "economic loss rule" prevents him from seeking recovery in tort for a litigation loss alone.  *Cf. 532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.*, 96 N.Y.2d 280, 291-92 (2001).[7]

Merhi's underlying problem is that his claims only make sense through the lens of a breach-of-contract theory.  Setting aside, for the moment, Bullion's reasonable arguments that the contract places liability solely on Merhi in these circumstances (*see, e.g.*, ECF No. 46-11 at 7), Merhi's only plausible claim here is that Bullion undertook "full responsibility" if Merhi's items were "lost or damaged in transit."  (ECF No. 46-5 at 6.)  But this is not a matter of negligence and Merhi, unfortunately, has not asserted a breach of contract claim here.

This is not a mere technical quibble.  Rather, Merhi's failure to plead a breach of contract claim has meaningfully affected the course of this litigation.  For example, to resolve such a claim, the Court would need to determine the meaning of the phrase "tracking information" in Bullion's terms of service, as that contract disclaims Bullion's liability once the "tracking information shows as delivered."  (*See* ECF No. 46-5 at 6.)  But, although the parties exchanged interrogatories and participated in multiple days of depositions, none of that discovery appears to

---

[7] Although Merhi does not include an unjust enrichment or quantum meruit claim in the complaint, his opposition brief speculates that Bullion might have fraudulently claimed the lost package under its jeweler's block insurance policy and then failed to reimburse Merhi.  (Opp. at 8.)  Regardless, this theory finds no support in the record.

have covered the meaning or interpretation of the relevant contractual language.  (*See generally* ECF Nos. 38-11, 38-12, 38-13.)

Unfortunately for Merhi, "no special solicitude is due to counseled parties," *Williams v. City of New York*, No. 23-CV-2700, 2024 WL 3967307, at *13 n.14 (S.D.N.Y. Aug. 28, 2024), and "[t]he right to competent counsel does not generally apply in civil cases." *Jericho Grp. Ltd. v. Mid-Town Dev. Ltd. P'ship*, Nos. 21-2961, 22-194, 2023 WL 7147344, at *2 (2d Cir. Oct. 31, 2023).  It is simply too late for the Court to read an unpleaded contract claim into this case.

### B.  Statutory Claims

As the Court explained before, it is unaware of any statutory bases for Merhi's claims against Bullion or what facts might support a violation of such statutes.  *See Merhi I*, 2024 WL 4265753, at *5.  Even at the more lenient pleading stage, a complaint must contain sufficient detail "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint's general reference to "statutes, ordinances, rules and regulations," with no additional explanation and supported by no evidence, is not enough.

## IV.  Conclusion

For the foregoing reasons, Bullion's motion for summary judgment is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 46, and to terminate defendants Bullion Exchange, LLC, Bullion Exchanges, LLC, and John Doe.

FedEx and Mr. Merhi are directed to file a joint status letter with the Court on or before February 28, 2025 indicating the status of any settlement negotiations and how the parties intend to proceed with their remaining claims.

SO ORDERED.

Dated: February 10, 2025
   New York, New York

_____
J. PAUL OETKEN
United States District Judge