UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZAHER MERHI,

                Plaintiff,

-v-

BULLION EXCHANGES, LLC, *et al.*,

                Defendants.

---

BULLION EXCHANGES, LLC, *et al.*,

                Cross-Claimants,

-v-

FEDEX CORPORATION,

                Cross-Claim Defendant.

23-CV-4577 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Zaher Merhi moves for reconsideration of this Court's February 10, 2025 Opinion and Order granting the motion for summary judgment filed by Defendants Bullion Exchanges, LLC and Bullion Exchange, LLC (collectively "Bullion"). *See Merhi v. Bullion Exchs., LLC*, No. 23-CV-4577, 2025 WL 448318, at *1 (S.D.N.Y. Feb. 10, 2025).

    "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (quotation marks omitted). To prevail, the movant must demonstrate either "(1) an intervening change in controlling law; (2) the availability of new evidence[;] or (3) a need to correct a clear error or prevent manifest injustice. *Id.* at 696 (citing *Bergerson v. N.Y. State Off. of Mental Health, Central N.Y. Psychiatric*, 652

1

F.3d 277 (2d Cir. 2011)); *see also Cioce v. County of Westchester*, 128 Fed. App'x 181, 185 (2d Cir. 2005) (summary order) ("Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." (quotation marks omitted)). "Importantly, in reviewing motions for reconsideration courts will not tolerate efforts to obtain a second bite at the apple." *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 581 (S.D.N.Y. 2013), *aff'd*, 602 F. App'x 3 (2d Cir. 2015) (summary order) (cleaned up).

Having reviewed the record and the parties' memoranda of law, the Court concludes that it overlooked neither a controlling issue of law nor an outcome-determinative fact in the record. Plaintiff makes two arguments in his motion for reconsideration. First, Merhi argues that his negligence claim was adequately pleaded in light of his longstanding prior relationship with Bullion and "Bullion's specific promise that Merhi would receive the gold if he allowed it to be shipped rather than picked up in person." (ECF No. 69 ("Mot.") at 9.) But, as the Court explained, "Bullion breached no duty by shipping Merhi's parcel with FedEx," and Bullion's failure to insure the package "lack[s] a causal connection to Merhi's loss." *Merhi*, 2025 WL 448318, at *3. In addition, the parts of Merhi's deposition testimony that he highlights in his motion for reconsideration confirm that "Bullion's specific promise" did not include an explicit agreement to procure insurance. (*Compare* Mot. at 9-10 *with* ECF No. 69-2 at 6.) Thus, while New York recognizes a cause of action for "negligent performance of a contract," *cf. William Wrigley Jr. Co. v. Waters*, 890 F.2d 594, 602 (2d Cir. 1989), Merhi has not adequately pleaded the elements of negligence. Therefore, his request to reinstate his negligence-based claims is denied.

Second, Merhi argues, for the first time, that the Court should grant leave to amend the complaint so that he can include a breach-of-contract claim. (Mot. at 12.) But, while leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), leave may be denied where there has been "undue delay" or amendment would cause "undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Id.* Here, "discovery ha[s] closed, defendants ha[ve] filed for summary judgment, and nearly two years ha[ve] passed since the filing of the original complaint"—circumstances under which the Second Circuit has found denying leave to amend appropriate. *See id.* In addition, "Merhi's failure to plead a breach of contract claim has meaningfully affected the course of this litigation" by excluding relevant topics from the scope of discovery. *Merhi*, 2025 WL 448318, at *4. Allowing Merhi to reopen discovery on a new breach-of-contract claim would therefore impose considerable new costs on Bullion. On the flip side, "substitution of counsel, even where prior counsel was negligent, has routinely been found not to constitute sufficient good cause to justify amendment following a delay of this length." *Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, No. 10-CV-2333, 2013 WL 364210, at *2 (S.D.N.Y. Jan. 30, 2013). Merhi's request for leave to amend his complaint is therefore denied.

The Clerk of Court is directed to close the motion at Docket Number 69.

SO ORDERED.

Dated: May 12, 2025
      New York, New York

                                                   J. PAUL OETKEN
                                           United States District Judge